**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

| | |
|---|---|
| KEITH HOPKINS, ) | |
| Reg #05419-033 ) | |
|    Petitioner, ) | **Case No. 2:12-CV-00135 KGB-JTK** |
| ) | |
| v. ) | |
| ) | |
| ANTHONY HAYNES, Warden, ) | |
| FCI – Forrest City ) | |
|    Respondent. | |

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**Instructions**

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

This matter is before the undersigned United States Magistrate Judge of the District Court on the petition of federal prisoner Keith Hopkins for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1). Respondent has filed a response contending that the Petition should be dismissed. (Doc. No. 7).

## Background

Petitioner is currently incarcerated at the Federal Correctional Institution in Forrest City, Arkansas (FCI-Forrest City). In 1995, he pled guilty in the Western District of Kentucky to all counts of the indictment, and he was sentenced to 120 months' imprisonment for each of the first four counts, which were all to run concurrently with each other. The fifth count charged Petitioner with use of a firearm during the kidnapping of a victim, and the sixth count charged him with use of the same firearm during the kidnapping of another victim. Both convictions were pursuant to 18 U.S.C. § 924(c), and he was sentenced to 120 months' imprisonment on the fifth count and 240 months on the sixth count. These two sentences were to run consecutively to each other and to the first four sentences. Thus, his total term of imprisonment was 480 months.

Petitioner attempted a direct appeal to the Sixth Circuit Court of Appeals two years later, but it was rejected as untimely. A 1998 § 2255 petition for writ of habeas corpus with the sentencing court was also denied as untimely. In 2000, the Sixth Circuit denied Petitioner's application for leave to file a second § 2255 motion. Subsequently, Petitioner filed a motion for reduction of sentence with the sentencing court, but it was denied because the court rejected his arguments that the dual 18 U.S.C. § 924(c) convictions were a violation of the Double Jeopardy Clause.

On November 16, 2005, Petitioner filed a pleading entitled Motion to Clarify Sentence in the sentencing court. His motion challenged the validity of his consecutive sentences on the 18 U.S.C. § 924(c) violations (Counts V and VI). He once again alleged that the offenses charged in Counts V and VI were multiplicitous and violated the constitutional prohibition against double jeopardy. The district court dismissed Petitioner's motion because he had previously challenged his sentence on the same grounds.

## Discussion

Petitioner argues that he was inappropriately convicted of two separate violations under 18 U.S.C. § 924(c), and he requests that his second conviction (Count VI) be vacated and he be resentenced.

Issues concerning the lawfulness of a federal conviction and the sentence imposed generally must be brought in the sentencing court (in this case, the Western District of Kentucky) through a 28 U.S.C. § 2255 motion to vacate, set aside, or correct, and not in a habeas petition filed in the court of incarceration (in this case, the Eastern District of Arkansas) under § 2241. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003); 28 U.S.C. § 2255(a) (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence). Because a § 2255 motion attacks the *validity* of the conviction or

sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court that convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983). In contrast, a § 2241 habeas corpus petition attacks the *execution* of a sentence, or the manner in which the sentence is being carried out, and it is within the subject matter jurisdiction of the court presiding in the judicial district where the prisoner is incarcerated. *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009); *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323; *Cain v. Petrovsky*, 798 F.2d 1194, 1196 n.3 (8th Cir. 1986).

However, Section 2255 contains a "savings clause" that provides an application for relief

> shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Thus, the issue before the Court is whether § 2255 was inadequate or ineffective to test the legality of Petitioner's conviction. If § 2255 was adequate or effective, then the Court lacks jurisdiction to entertain Petitioner's § 2241 claims.

"The prisoner has the burden of demonstrating § 2255 relief in the sentencing court would be unavailable or ineffective. Significantly, in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Hill*, 349 F.3d at 1091 (internal citations omitted). Petitioner argues that §2255 was inadequate because there was an intervening change in the law after he brought his first petition. He relies in part on *United States v. Phipps*, 319 F.3d 177, 189 (5th Cir. 2003), which held that "§ 924(c)(1) does not unambiguously authorize multiple convictions for a single use of a single firearm based on multiple predicate offenses." Petitioner was sentenced in the Sixth Circuit and is incarcerated in the Eighth Circuit, so *Phipps* does not represent a change in the law that might govern his claims.

Petitioner also relies on the Sixth Circuit's decision in *United States v. Burnette*, 170 F.3d 567 (6th Cir. 1999). The defendant in *Burnette* went to the home of a bank manager and took the manager's husband and son hostage. He then demanded that she bring him the bank's money as ransom. Burnette was convicted of one count of bank robbery, two counts of kidnapping, and two counts of carrying a firearm during and in relation to the bank robbery and kidnappings. Burnette contended that it was error to give him consecutive § 924(c) convictions, but the court ultimately chose to affirm the consecutive § 924(c) sentences.

In arriving at its conclusion, the *Burnette* court found that the case differed from the situation in *United States v. Johnson*, 25 F.3d 1335 (6th Cir. 1994), where the court vacated a second § 924(c) conviction arising from the defendant's simultaneous possession of cocaine, dilaudid, and a firearm. The *Johnson* court reasoned that "a sensible construction dictates that possession of one or more firearms in conjunction with predicate offenses involving simultaneous possession of different controlled substances should constitute only one offense under § 924(c)(1), and the sentences under § 924(c)(1) should be for one offense only." *Id.* at 1338. The *Burnette* court explained that, from the standpoint of the required predicate offenses, the facts more closely mirrored *United States v. Nabors*, 901 F.2d 1351, 1358 (6th Cir.1990). In *Nabors*, the defendant shot an ATF agent as officers attempted to gain entry to his house during the execution of a search warrant for narcotics. The defendant was charged with and convicted of two § 924(c) violations, with the predicate offenses being possession of cocaine with intent to distribute and assault on a federal officer. The consecutive sentences for the § 924(c) violations were affirmed. Like *Nabors*, *Burnette* upheld the defendant's consecutive sentences because "the kidnapping occurred significantly before, and independent of, the actual bank robbery, rather than being in any way simultaneous." *Burnette*, 170 F.3d at 572.

Although *Burnette*'s discussion of *Johnson* and *Nabors* would appear to indicate that the Sixth Circuit might not have upheld Petitioner's consecutive sentences if he had made the appropriate arguments, *Burnette* did not create new law or give this Court jurisdiction to hear Petitioner's claims. Petitioner could have made the same arguments that Burnette made regarding *Johnson* in his § 2255 petitions, but he did not. The Court disagrees with the Government's position that Petitioner previously raised the current claims in his earlier petitions,[1] but this distinction is immaterial because "[a] prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could [have been] or was actually raised in the § 2255 motion filed in the sentencing district." *Nichols*, 553 F.3d at 650 (quoting *Hill*, 349 F.3d at 1092). Accordingly, the Court lacks jurisdiction to hear Petitioner's § 2241 petition.

IT IS THEREFORE ORDERED that Petitioner's application for writ of habeas corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241 be, and it is hereby, dismissed, without prejudice. The relief prayed for is DENIED.

SO ORDERED this 20th day of March, 2013.

_____
United States Magistrate Judge

---

[1] Petitioner's previous claims were based on the Double Jeopardy Clause, and the Sixth Circuit did not reach these arguments in *Johnson*. "However, because we do not reach the question of whether possessing separate controlled substances simultaneously is one predicate offense rather than two, we need not decide whether a problem of multiplicity exists under *Blockburger*." *Johnson*, 25 F.3d at 1337.